**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| AGUSTAWESTLAND NORTH AMERICA, INC., *Plaintiff*, v. THE UNITED STATES, *Defendant*, *and* AIRBUS HELICOPTERS, INC., *Defendant-Intervenor.* | No. 14-877C<br>Judge Susan G. Braden |

**DEFENDANT-INTERVENOR'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND MOTION FOR JUDICIAL NOTICE**

Today the Government filed a motion to strike the Supplemental Labelle Declaration and the Ostovich and Harry Declarations, among other exhibits filed by Plaintiff AgustaWestland ("AW"), on the basis that AW has not moved to supplement the Administrative Record and has not demonstrated why the Court must review the documents to enable effective judicial review of AW's allegations. ECF No. 68. Defendant-Intervenor Airbus Helicopters, Inc. ("AHI") joins that motion. However, to the extent that the Court does consider the Labelle, Ostovich and Harry Declarations, AHI respectfully requests that the Court supplement the Administrative Record with the Declarations of William B. Stedman, ECF No. 70-2 at 38-68, and John Burke, ECF No. 70-2 at 70-81. These declarations are necessary for effective judicial review of the

demonstrably inaccurate and incomplete factual representations and unsubstantiated conclusions contained in the Labelle, Ostovich, and Harry Declarations. In addition, AHI requests that the Court take judicial notice of the balance of exhibits attached to AHI's Cross-Motion for Judgment on the Administrative Record, also filed today, as those exhibits come from public internet sources and describe facts that are not in dispute. ECF No. 70-1 at 1-10, 19-27; ECF No. 70-2 at 1-37, 82-104.

In a bid protest, the focal point for judicial review is the administrative record in existence before the relevant agency. *Axiom Res. Mgmt. Inc. v. United States*, 564 F.3d 1374, 1379–80 (Fed. Cir. 2009); *Acrow Corp. of Am. v. United States*, 96 Fed. Cl. 270, 274 (2010) ("The Court of Federal Claims has long held that, '[b]ecause a court reviews an agency decision under the 'arbitrary and capricious' standard set forth in 5 U.S.C. § 706(2)(A), judicial review of agency actions generally is limited to the administrative record.'"). Nonetheless, supplementation is appropriate when necessary for effective judicial review. *Axiom*, 564 F.3d at 1379–81.

Mr. Burke's declaration, specifically paragraphs 12-15, ECF No. 70-2 at 79-81, is necessary to address AW's allegations that several modifications of the contract represent a "sweetheart deal" between the Army and AHI.[1] *See* ECF No. 61 at 14–19. Mr. Burke explains the valid business case for these minor modifications made at no cost to the taxpayer. These facts, explaining why the contract modifications do not constitute a "sweetheart deal", are

---

[1] The balance of Mr. Burke's declaration provides information relevant to Plaintiff's request for injunctive relief. The court is permitted to supplement the record with outside information for issues pertaining to injunctive relief. *See Acrow Corp. of Am v. United States*, 96 Fed. Cl. 270, 275 (2010) (stating that the Administrative Record may be supplemented "in cases where relief is at issue, especially at the preliminary injunction stage," and considering two declarations as part of the record with regard to the plaintiff's showing for injunctive relief).

uniquely in the purview of Mr. Burke and do not explicitly appear in the record as it currently stands.

The declaration of Mr. Stedman is also necessary for effective judicial review and should be admitted as a supplement to the Administrative Record. Mr. Stedman's declaration addresses and responds to issues raised by the Labelle, Harry, and General Ostovich declarations. It is necessary for effective judicial review with respect to General Ostovich's declarations because Mr. Stedman is an expert in aviation technical requirements with vast experience in military and civil aviation programs. He also possesses deep knowledge of military aviation operations, maintenance, flight instruction, and financial analysis on major acquisition programs. Mr. Stedman directly challenges General Ostovich's allegations that the UH-72 is ill-suited for training missions, and he demonstrates through objective analysis that the UH-72 is a vast improvement over the Army's current training helicopter.

Mr. Stedman's declaration is also necessary to permit effective judicial review of the Supplemental Labelle Declaration because Mr. Labelle provides no support or explanation for his (incorrect) factual representations about the relative acquisition or operating costs for the UH-72, the AW109, and the AW119kx. ECF No. 70-2 at 54-55. Mr. Labelle also provides no support for the conclusion that AW would have proposed a different aircraft in response to the 2006 RFP had the RFP included more specific language regarding an additional mission for training. *Id.* at 42. The Stedman Declaration addresses both of these issues and demonstrates that 1) Mr. Labelle's description of costs are directly rebutted by more credible sources, and 2) Mr. Labelle's prediction of what AW might have offered in 2006 is dubious given that the AW109 and AW119 in 2006 could not meet several requirements of the RFP that led to the 2006 LUH Contract. *Id.* at 42, 54-55.

Finally, the Stedman Declaration is necessary to permit effective judicial review of the Harry Declaration, which makes unsupported assumptions leading to inaccurate cost savings calculations to support AW's argument that the Army's decision to acquire UH-72s under its existing contract is arbitrary and capricious. ECF No. 70-2 at 54-62. In sum, none of the declarations AW relies on in its filings would receive proper scrutiny but for the testimony provided in the Stedman and Burke declarations.

In addition, AHI attaches 11 additional exhibits in support of its Cross-Motion for Judgment on the Administrative Record. *See* ECF No. 70-1; ECF No. 70-2 at 1-37, 82-104. Three of the exhibits contain excerpts from the 2006 Conformed RFP, the RFP's Statement of Work, and the Final Proposal Revision Technical Volume submitted by AHI's affiliate. ECF No. 70-1 at 1-19. We understand that the Government is moving today to complete the Administrative Record with these three documents. The balance of the exhibits attached to AHI's Cross-MJAR are public documents found on the internet that contain facts that are not in dispute. This court has previously found that it is appropriate to take judicial notice of undisputed facts contained in internet sources. *Askew v. Sec'y of Health & Human Servs.*, No. 10-767V, 2012 WL 2061804, at *5 n.12 (Fed. Cl. May 17, 2012) (quoting *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). Accordingly, AHI respectfully requests that the court take judicial notice of such exhibits attached to its Cross-Motion for Judgment on the Administrative Record.

**CONCLUSION**

In view of the forgoing, if the Court should deny the Government's motion to strike the Labelle, Harry, and General Ostovich declarations submitted by the Plaintiff, the Court should

include in the record Defendant-Intervenor's proferred declarations (and take judicial notice of AHI's MJAR's other attachments) so that it has a more balanced and complete understanding of the facts.

Dated: March 29, 2016

Respectfully Submitted,

/s/ Thomas L. McGovern III
Thomas L. McGovern III
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
202-637-5784
202-637-5910 (fax)
Thomas.mcgovern@hoganlovells.com
*Counsel for Airbus Helicopters, Inc.*

*Of Counsel:*
C. Peter Dungan
Stacy M. Hadeka
Nicole D. Picard
Christine A. Reynolds
HOGAN LOVELLS US LLP